**BARTON GILMAN LLP**
165 Passaic Avenue, Suite 107
Fairfield, NJ 07004
Tel: (973) 256-9000
*Attorneys for Defendants,*
*Macy's, Inc. and Felecia Green-Hall*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CURTIS STABILE,<br><br>                              *Plaintiff,*<br><br>     v.<br><br>MACY'S, INC., FELICIA GREEN-HALL, Individually, and JOHN DOES I-X (being a number yet undetermined and being persons or corporations, whose identities are unknown),<br><br>                              *Defendants.* | Civil Action No. 3:22-cv-6776<br><br><br>**NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§1332, 1441, and 1446, improperly named Defendant Macy's, Inc.[1] and Defendant Felecia Green-Hall (misnamed in the Complaint as "Felicia Green-Hall") (collectively, "Defendants"), respectfully submit this Notice of Removal of the above-captioned action from the Superior Court of New Jersey, Law Division, Hudson County to the United States District Court for the District of New Jersey.  In support of this Notice of Removal, Defendants state as follows:

### STATEMENT OF JURISDICTION

1.     A defendant's notice of removal need only contain a short and plain statement of the grounds for removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83-87, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014). Removal jurisdiction exists in this case because this

---

[1]      The proper Defendant in this matter is Macy's Retail Holdings, LLC.

Court has original jurisdiction over Plaintiff Curtis Stabile's ("Plaintiff") claims pursuant to 28 U.S.C. § 1332, and this case may be removed to this Court pursuant to 28 U.S.C. § 1441, as it is a civil action in which Plaintiff and Defendants are not citizens of the same State and in which the amount in controversy exceeds $75,000, exclusive of interest and costs. As set forth below, this case meets all the above requirements for removal and is timely and properly removed by the filing of this Notice of Removal of this civil action.

## THE STATE COURT ACTION

2.      On or about August 26, 2022, Plaintiff  filed a Complaint in the Superior Court of New Jersey, Law Division, Hudson County, entitled *Curtis Stabile v. Macy's, Inc, Felicia Green-Hall, individually, and John Does 1-X (being a number yet undetermined and being persons or corporations, whose identities are unknown),* Docket No. HUD-L-002847-22 (the "Complaint")*.*

3.      Pursuant to 28 U.S.C. 1446(a), copies of the Summons, Complaint, and Civil Case Information Statement, which constitutes all process, pleadings and order received by Defendants in this matter, are attached hereto as Exhibit A. No other process, pleadings, or orders have been filed, entered, served or issued in this action.

## TIMELINESS OF NOTICE OF REMOVAL OF ACTION

4.      Pursuant to 28 U.S.C. §1446(b), this Notice is being filed with this Court within thirty (30) days of Defendants' first receipt "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

5.      On October 29, 2022, a process server acting on behalf of Plaintiff, left a copy of the Complaint, Summons, and Civil Case Information Sheet directed to Macy's, Inc. with Ashley Salter, a Merchandise Execution Manager, at the Macy's store at the Newport Centre Mall, in Jersey City, New Jersey.

6.      On Saturday, November 12, 2022, a process server on behalf of Plaintiff left a copy of the Complaint, Summons and Civil Case Information Statement at Defendant Felecia Green-Hall's residence in Nassau County, New York State.

7.      October 29, 2022, was the first date on which any of the Defendants received a copy of the Complaint through service or otherwise.  As such, this Notice of Removal is timely filed.

8.      Both Defendants consent to the removal.

## DIVERSITY JURISDICTION

9.      This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b).  Specifically, this is a civil action in which Plaintiff and Defendants are not citizens of the same state and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

A.      **Diversity of Citizenship**

10.      Plaintiff is a citizen of the State of New Jersey, residing in West Milford, County of Passaic, New Jersey. (Complaint ¶ 1). Plaintiff was employed by Macy's at its Newport Center Mall in Jersey City, NJ until May 2021.

11.      For purposes of removing a case from state court to federal court, the citizenship of John Doe fictitious defendants is disregarded, and only named defendants are considered. 28 U.S.C. § 1441(b).

12.      For diversity jurisdiction purposes, a corporation is deemed to be a citizen of the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S. Ct. 1181, 175 L. Ed. 2d 1029

(2010) (holding "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.'").

13.     Defendant Macy's, Inc., is incorporated under the laws of the State of Delaware and under the "nerve center" test of *Hertz* has its principal place of business at 151 W. 34th Street, New York, New York 10001.  Thus, Macy's, Inc. is a citizen of the States of Delaware and New York for the purposes of determining diversity of citizenship.   The proper party-defendant, Macy's Retail Holdings, LLC is a Delaware limited liability company, the sole member of which is Defendant Macy's, Inc.   Therefore, Macy's Retail Holdings, LLC is also a citizen of the States of Delaware and New York as well.

14.     Felecia Green-Hall is a citizen of the State of New York, County of Nassau as that is where she was domiciled at the time of the events alleged in the Complaint through to the present.  Ms. Green-Hall has established a fixed habitation with an intent to remain there in New York. Thus, she is a citizen of New York for the purposes of determining diversity of citizenship.

15.     Accordingly, there is complete diversity of citizenship among the Plaintiff, on one hand, and each of the Defendants, which existed at the time the Complaint was filed and which exists at the time this Notice of Removal is being filed.

**B.     Amount in Controversy**

16.     Additionally, the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. §1332.  Plaintiff has alleged discrimination at the workplace in violation of the New Jersey Law Against Discrimination, as well as claims for emotional distress, punitive damages, and attorneys' fees and costs.   In the Complaint, Plaintiff claims he has sustained damages, including that he has suffered and will continue to suffer "substantial losses of income

including but not limited to wrongful termination of employment, other pecuniary losses, humiliation, mental anguish, emotional pain and suffering, and is incurring legal and other expenses." (Complaint ¶ 53.)   As a result, Plaintiff seeks to recover back pay, front pay, compensatory damages for emotional distress, punitive damages, attorneys' fees and costs.

17.     Plaintiff's employment with Macy's ended May 21, 2021. His annual salary at the time of discharge was in excess of $150,000. His back wages, for the year and a half since his Macy's employment ended is over $230,000 – far in excess of the jurisdictional minimum for this Court. Therefore, the amount  in controversy in this Civil Action far exceeds $75,000, exclusive of interest and costs.

**C.     Diversity Requirements Are Met**

18.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332, and Defendants are entitled to remove this action to this Court pursuant to 28 U.S.C. §§1441 and 1446 because there is complete diversity between the Plaintiff and each of the Defendants and the amount in controversy exceeds $75,000 exclusive of interest and costs.

19.     Therefore, this action is removable pursuant to 28 U.S.C. §1441.

**VENUE**

20.     Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) and 1446 because the United States District Court for the District of New Jersey embraces the place where this action is pending, the Superior Court of New Jersey, Law Division, Hudson County.

**NOTICE TO PLAINTIFF SUPERIOR COURT OF NEW JERSEY**

21.     True and correct copies of this Notice of Removal (with accompanying Exhibit A) is being served upon Plaintiff's counsel and is being filed with the Clerk of the Superior Court of

New Jersey, Law Division, Hudson County, in accordance with the provisions of 28 U.S.C. §1446(d).

22.     In filing this Notice of Removal, Defendants do not waive any defects in service of process, venue or personal jurisdiction.

**WHEREFORE**, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Macy's, Inc. and Felecia Green-Hall remove this case from the Superior Court of New Jersey, County of Hudson, to the United States Court for the District of New Jersey.

BARTON GILMAN LLP
*Attorneys for Defendants,*
*Macy's, Inc. and Felecia Green-Hall*

By: _____

Steven Gerber
Gabriela A. Tremont

Dated:  November 28, 2022

## LOCAL CIVIL RULE 11.2 VERIFICATION

Other than the action filed in the Superior Court of New Jersey, Law Division, Hudson County, which is the subject of this Notice of Removal, the matter in controversy is not, to the best of Defendants' knowledge, information and belief, the subject of any other action pending in any Court, or of any currently pending arbitration or administrative proceeding.

BARTON GILMAN LLP
*Attorneys for Defendants,*
*Macy's, Inc. and Felecia Green-Hall*

By: _____

Steven Gerber
Gabriela A. Tremont

Dated:  November 28, 2022

## **CERTIFICATION OF SERVICE**

I hereby certify that on this date, I caused to be served via electronic mail, a true and correct copy of the foregoing Defendants' Notice of Removal on:

> Fred Shahrooz Scampato, Esq.
> Law Offices of Shahrooz Scampato, P.C.
> 445 East Broad Street
> Westfield, New Jersey 07090
>
>    -and-
>
> Leslie A. Farber, Esq.
> Leslie A. Farber, LLC
> 8 Hillside Avenue, Suite 103
> Montclair, New Jersey 07042
> *Attorneys for Plaintiff*

Pursuant to 28 U.S.C. §1746, I certify under penalty of perjury that the foregoing is true and correct.

_____
Steven Gerber

Dated:  November 28, 2022

Exhibit "A"

Leslie A. Farber, Esq.
Attorney ID: 019041991
**LESLIE A. FARBER, LLC**
105 Grove Street, Suite 1
Montclair, New Jersey 07042
Ph. (973) 707-3322
email: LFarber@LFarberLaw.com
Attorneys for Plaintiff

| | |
|---|---|
| **CURTIS STABILE,** | SUPERIOR COURT OF NEW JERSEY |
| *Plaintiff,* | LAW DIVISION: HUDSON COUNTY |
| | DOCKET NO. HUD-L-002847-22 |
| v. | |
| | CIVIL ACTION |
| **MACY'S INC., FELICIA GREEN-HALL, et al,** | |
| *Defendants.* | **SUMMONS** |

From the State of New Jersey
To the defendant named above:

Person-In-Charge
MACY'S
20 Mall Drive East, Newport Centre Mall
Jersey City, NJ 07310

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written Answer or Motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey, and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your Answer or Motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the Court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Dated:   October 17, 2022

*Michelle M. Smith*
Michelle M. Smith, Clerk
Superior Court of New Jersey

Name of defendant to be served:  (same as above)
Address for service:  (same as above)

FRED SHAHROOZ SCAMPATO, ESQ.
Attorney ID: 020811991
LAW OFFICES OF SHAHROOZ SCAMPATO, P.C.
445 East Broad Street
Westfield, New Jersey 07090
Ph. (908) 301-9095

Leslie A. Farber, Esq.
Attorney ID: 019041991
LESLIE A. FARBER, LLC
8 Hillside Avenue, Suite 103
Montclair, New Jersey 07042
Ph. (973) 707-3322
Email: LFarber@LFarberLaw.com
Attorneys for Plaintiff

|  |  |
|---|---|
| CURTIS STABILE,<br><br>*Plaintiff,*<br><br>v.<br><br>MACY'S INC., FELICIA GREEN-HALL, individually, and JOHN DOES I - X (being a number yet undetermined and being persons or corporations, whose identities are unknown),<br><br>*Defendants.* | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: HUDSON COUNTY<br>DOCKET NO.<br><br>CIVIL ACTION<br><br>**COMPLAINT<br>AND<br>JURY DEMAND** |

Plaintiff, CURTIS STABILE, by and through his attorneys, Law Offices of Fred Shahrooz Scampato and Leslie A. Farber, LLC, by way of Complaint against Defendants, MACY'S, INC., FELICIA GREEN-HALL, and JOHN DOES I - X (being a number yet undetermined and being persons or corporations, whose identities are unknown), alleges and states as follows:

## PARTIES

1. Plaintiff, CURTIS STABILE, is a resident of the Township of West Milford, County of Passaic, State of New Jersey.

2. Plaintiff CURTIS STABILE is white and has a gay sexual orientation.

1

3.     At all relevant times, Plaintiff, CURTIS STABILE, was employed by Defendant, MACY'S, INC. (hereinafter "Macy's"), served as the Senior Director, Store Manager. He also served as the Northeast Region's Diversity, Inclusion, and Equity Manager in Charge.

4.     Most recently, Defendant, Macy's, employed Plaintiff at its Newport Centre Macy's Store in Jersey City, Hudson County, New Jersey.

5.     At all times relevant hereto, Defendant, FELICIA GREEN-HALL, was Macy's Division Vice-President of the New Jersey Central District, and Plaintiff's immediate superior.

6.     Defendants, JOHN DOES 1-10, are currently unknown employees who were either senior management level employees who controlled Plaintiff's workplace, and supervised Plaintiff and aided and/or abetted in the commission of conduct complained of herein and/or who either acted within the scope of their employment at the workplace during working hours, or, to the extent they went beyond the scope of their employment, defendants ratified, embraced and added to this conduct.

7.     Defendants, JOHN DOES 1-10, also are currently unknown affiliated corporations, trade names, or entities or other corporations which have liability for the claims set forth herein.

8.     Accordingly, jurisdiction and venue are proper in Superior Court of New Jersey, Hudson County, pursuant to the New Jersey Court Rules.

FACTUAL BACKGROUND

9.     Plaintiff hereby repeats, reiterates, and realleges the allegations contained in the preceding paragraphs as though fully set forth herein.

10.     On or about July 27, 2001, Plaintiff, CURTIS STABILE became employed by the Defendants, Macy's.

11.     Throughout the plaintiff's employment, the Macy's has maintained a corporate culture that is hostile to employees with due to their race, sexual orientation or perceived sexual

2

orientation. An example of this intent to discrimination was demonstrated by Ms. Green-Hall's refusal to hire a white candidate because hat person was not diverse."

12.     In January 2021 Ms. Green-Hall promoted an African American candidate who was the Customer Experience Manager of Jewelry in the Newport Center location to that of Operations, Visual Manager in the Bridgewater location.

13.     Mr. Stabile expressed that he did not think this individual was ready or qualified for the promotion. He added that the Senior Director and Store Manager, of the Bridgewater store, Alice Kellett, agreed with him.

14.     Ms. Green-Hall overrode Mr. Stabile's objection, and the Bridgewater store hired this person at Ms. Green-Hall's insistence.

15.     Without disputing Mr. Stabile's objection concerning qualifications, Ms. Green-Hall stated that Bridgewater needs someone that's "diverse."

16.     In late March 2021, Mr. Stabile objected to Ms. Green-Hall's refusal to hire a white candidate for the Director of Customer Experience in the Willowbrook store because that person was "not diverse."

17.     The Senior Director, Store Manager of the Willowbrook store, Michelle Reccoppa, expressed that she wanted to hire the white candidate.

18.     Notwithstanding, Ms. Green-Hall asked Mr. Stabile to interview this white candidate for a lower position in the Jersey City store. Mr. Stabile questioned Ms. Green-Hall as to her reason for overriding his own preference and that of Ms. Reccoppa. Ms. Green-Hall replied, "Kristin isn't diverse. Willowbrook needs someone who is diverse in that position." Ms. Hall offered no other reason.

19.     Mr. Stabile pressed Ms. Green-Hall further explaining that he thought the white individual was a great candidate for the Willowbrook location.

20.   He added that Ms. Reccoppa agreed.  Ms. Green-Hall again responded that the candidate was "not diverse."

21.   In his capacity as Northeast Region's Diversity, Inclusion and Equity Manager in Charge, Mr. Stabile advocated for the advancement of qualified minorities to positions of responsibility at Macy's.

22.   However, in this instance he objected because he felt that it was unlawful to exclude from hiring consideration persons solely based on their racial status.

23.   "So, we are not going to hire someone because they're not diverse?" he asked.  Mr. Stabile repeated his concerns on three (3) separate occasions until Ms. Hall grew annoyed with him and cut off discussions, stating, "She [the white candidate] has to go to you.  We'll find another candidate for Willowbrook."

24.   Mr. Stabile is white and has a gay sexual orientation.

25.   On April 8, 2021, he complained to Ms. Hall that his compensation was not commensurate with others not in his protected status.

26.   In making this complaint to management, Plaintiff relied on the equal pay scale published by Danielle Kirgan, Executive Vice President and Chief Transformation Officer in Macy's Human Resources.  Plaintiff questioned why Darren Whitlock, an African-American Senior Director, Store Manager, working in the Macy's store at the Kings Plaza mall in Brooklyn, New York, with seven (7) years of experience as Senior Director, Store Manager, was being paid $30,000 annually more than Plaintiff was earning.

27.   Mr. Stabile worked in the same capacity with six-and one-half (6 ½) years as Senior Director, Store Manager.

28.   At the time of this complaint, Mr. Whitlock had worked for Macy's for seven (7) years.  Mr. Stabile, by contrast, had worked twenty (20) years for Macy's.

4

29.     Mr. Stabile also complained that Senior Director, Store Manager, Jonathan Clay, made $10,000 annually more than Mr. Stabile and had only five (5) years of experience as a Senior Director, Store Manager, despite working in a store with significantly lesser sales volume. Mr. Clay had worked for eight (8) years at Macy's compared to Mr. Stabile's twenty (20) years.

30.     Mr. Stabile advises that he raised these concerns again with Ms. Green-Hall on April 28, 2021, and again on May 5, 2021.

31.     Ms. Green-Hall failed to respond to Mr. Stabile regarding these complaints.

32.     Mr. Stabile's work relationship with Ms. Green-Hall changed after communicating his complaints concerning Green-Hall's hiring and unequal pay practices.

33.     One example was when, during a floor walk when Mr. Stabile suggested where brands should be located, Ms. Green-Hall disrespected him in public by cutting him off and swiped her hand - dismissing his recommendation.

34.     This dismissive behavior had never occurred prior to his communicating the aforesaid complaints to Ms. Green-Hall.

35.     Mr. Stabile also noticed that Ms. Green-Hall now became increasingly abrupt at the workplace, such as when Mr. Stabile made suggestions regarding display cases. She rejected his suggestions without discussions and summarily dismissed him.

36.     He felt that his relationship by early May 2021 with Ms. Green-Hall had gone from positive to negative because of the issues that he raised with her.

37.     On Monday May 10, 2021, there was an incident with a suspected shoplifter in the Jersey City Store.

38.     Macy's claimed that Mr. Stabile tried to apprehend the shoplifter.

39.    Mr. Stabile denies trying to apprehend the shoplifter, even though he did approach the suspected shoplifter along with another employee, Raciel Guzman, the Operations Visual Manager, a Hispanic male.

40.    A video recording exists showing that Plaintiff and Mr. Guzman attempted to deter the shoplifter by approaching him and asking if they could be of assistance.

41.    Plaintiff's actions were consistent with his understanding of Macy's policy. However, Macy's first suspended and then fired Mr. Stabile.

42.    Upon information and belief, Mr. Guzman was not disciplined.

43.    Moreover, there exists a video of a person of color apprehending a shoplifter by dragging her on the floor of Jersey City store during November of 2020.

44.    Upon information and belief, in that incident, the employee in question was a receiving team associate and not a member of the asset protection team.  This employee was not disciplined.

45.    The climate of sexual orientation and race discrimination and/or perceived sexual orientation discrimination, harassment and retaliation by Defendant, Macy's, and the failure of Defendants to take appropriate corrective measures following Plaintiff's complaints resulted in Defendants terminating Plaintiff and causing him significant economic loss.  Additionally, as a victim of retaliation and other wrongful actions recited hereto, Defendants' wrongful actions caused Plaintiff to suffer low self-esteem; feel anxious, humiliated, frustrated and depressed; and caused him to suffer, and continue to suffer extreme and disabling emotional distress.

## COUNT ONE

*Discrimination on the Basis of Actual or Perceived Sexual Orientation and/or Gender Expression*

46.    Plaintiff hereby repeats, reiterates and realleges the allegations contained in the preceding paragraphs as though fully set forth herein.

6

47.     The actions of the Defendants constitute unlawful discrimination on the basis of Plaintiff's actual or perceived sexual orientation and/or gender expression in violation of the New Jersey Law Against Discrimination ("NJLAD"), *N.J.S.A.* 10:5-1 et seq.

48.     Defendant, Felicia Green-Hall, aided and abetted Defendant, Macy's, in discriminating against Plaintiff, and, therefore, is individually liable for Macy's' actions and omissions.

49.     As a direct and proximate result of Defendants' unlawful acts and practices, Plaintiff, CURTIS STABILE, has suffered and continues to suffer substantial losses of income including but not limited to wrongful termination of employment, other pecuniary losses, humiliation, mental anguish, emotional pain and suffering, and is incurring legal and other expenses.

WHEREFORE, Plaintiff, CURTIS STABILE, demands entry of judgment in his favor and against Defendants for the following:

       a.     Back pay;
       b.     Front pay;
       c.     Compensatory damages for emotional distress;
       d.     Punitive damages;
       e.     Reasonable attorney's fees and costs, pursuant to the NJLAD; and
       f.     Such other relief as the Court may deem appropriate.

## COUNT II

*Discrimination on the Basis of Race*

50.     Plaintiff hereby repeats, reiterates and realleges the allegations contained in the preceding paragraphs as though fully set forth herein.

51.     The aforementioned actions of Defendants constitute unlawful discrimination on the basis of Plaintiff's race in violation of the New Jersey Against Discrimination, *N.J.S.A.* 10:5-1 et seq.

52.     Defendant, Felicia Green-Hall, aided and abetted Defendant, Macy's, in discriminating against Plaintiff, and, therefore, is individually liable for Macy's' actions and omissions.

53.     As a direct and proximate result of the Defendants unlawful acts and practices, Plaintiff, CURTIS STABILE, has suffered and continues to suffer substantial losses of income including but not limited to wrongful termination of employment, other pecuniary losses, humiliation, mental anguish, emotional pain and suffering, and is incurring legal and other expenses.

WHEREFORE, Plaintiff, CURTIS STABILE, demands entry of judgment in his favor and against Defendants for the following:

        a.    Back pay;
        b.    Front pay;
        c.    Compensatory damages for emotional distress;
        d.    Punitive damages;
        e.    Reasonable attorney's fees and costs, pursuant to the NJLAD; and
        f.    Such other relief as the Court may deem appropriate.

COUNT THREE

*Violation of the New Jersey Law Against Discrimination - N.J.S.A. 10:5-12(t) – Equal Pay Act*

54.     Plaintiff hereby repeats, reiterates and realleges the allegations contained in the preceding paragraphs as though fully set forth herein.

55.     Defendant, Macy's, continuously, and for more than six (6) years preceding the filing of this lawsuit and continuing to the present, has discriminated against Plaintiff by paying him at a rate of compensation, which is less than the rate paid by Defendant Macy's to non-white,

heterosexual persons for substantially similar work, when viewed as a composite of skill, effort and responsibility.

56.   For at least the past six (6) years preceding the filing of this lawsuit and continuing to the present, Defendants consistently paid non-gay (actual or perceived) directors with similar or less qualifications, education, and experience, substantially higher salaries than that of Plaintiff. Additionally, upon information and belief, during Plaintiff's employment, Defendant hired at least two (2) others as Directors at higher salaries than Plaintiff who are non-white, heterosexual (actual or perceived) persons with similar or less qualifications, education and experience than plaintiff.

57.   Defendant Macy's was willfully indifferent to the aforementioned actions.

58.   As a result of Defendants' intentional and outrageous actions toward the plaintiff, as detailed in the previous paragraphs of this Complaint, Plaintiff has suffered and continues to suffer, embarrassment, humiliation, monetary, emotional, reputational and other damages.

WHEREFORE, Plaintiff CURTIS STABILE demands entry of judgment against Defendants for compensatory damages and other relief including the following:

a.   Back pay;
b.   Front pay;
c    Emotional Distress;
d.   Punitive damages;
e.   Reasonable attorney's fees and costs, pursuant to the LAD.
f.   Such other relief as the Court may deem appropriate.

LAW OFFICES OF FRED SHAHROOZ-
SCAMPATO, PC
Attorneys for Plaintiff

/s/ Fred Shahrooz Scampato
Dated: August 26, 2022        By:   FRED SHAHROOZ-SCAMPATO, ESQ.


LESLIE A. FARBER, LLC
Attorneys for Plaintiff

By:   _____
Dated: August 26, 2022        Leslie A. Farber

9

## DESIGNATION OF TRIAL COUNSEL

Fred Shahrooz Scampato, Esquire, and Leslie L. Farber, Esquire, are hereby designated as trial counsel in the above captioned matter.

LAW OFFICES OF FRED SHAHROOZ-
SCAMPATO, PC
Attorneys for Plaintiff

/s/ Fred Shahrooz Scampato
By:   FRED SHAHROOZ-SCAMPATO, ESQ.

Dated: August 26, 2022

LESLIE A. FARBER, LLC
Attorneys for Plaintiff

By:   _____

Dated: August 26, 2022          Leslie A. Farber

## CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding.  I further certify that I am aware of no other party who should be joined in this matter.

I recognize the continuing obligation of each party to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

Dated: August 26, 2022          /s/ Fred Shahrooz Scampato
                                Fred Shahrooz Scampato, Esquire

Dated: August 26, 2022          _____
                                Leslie A. Farber

10

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues of liability and damages in this action.

LAW OFFICES OF FRED SHAHROOZ-
SCAMPATO, PC
Attorneys for Plaintiff

Dated: August 26, 2022            By:    /s/ Fred Shahrooz Scampato
                                         FRED SHAHROOZ-SCAMPATO, ESQ.


LESLIE A. FARBER, LLC
Attorneys for Plaintiff

                                  By:    _____
Dated: August 26, 2022                   Leslie A. Farber

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Demand is hereby made that Defendants disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of all a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

If so, please attach a copy of each policy and declaration page or state, under oath and certification: (a) policy number; (b) name and address of insurer; (c) inception and expiration date; (d) names and addresses of all persons insured thereunder; (e) whether the coverage is "claims made" or "accrual;" and (f) property damage limit.

## NOTICE REGARDING NON-DESTRUCTION OF EVIDENCE

Please be advised and noticed that the defendants shall refrain from destroying, disposing or altering any potential evidence in its possession which would relate in any way to this matter.

Please also be advised and noticed that this includes any and all electronic records, including but not limited to the hard drives on any and all computers and/or servers. To that end, Defendants shall not initiate any procedures which would alter any active, deleted, or fragmented files. Such procedures ay include, but are not limited to: storing (saving) newly created files to existing drives and diskettes; loading new software, such as application programs; running data compression and disk defragmentation (optimization) routines; or the use of utility programs to permanently wipe files, disks or drives.

A.      Defendants shall stop any rotation, alteration, and/or destruction of electronic media that may result in the alteration or loss of any electronic data. Backup tapes and disks should be pulled from their rotation queues and be replaced with new tapes.

B.      Defendants shall not alter and/or erase active files, deleted files, or file fragments on any electronic media that may have any relation to this matter. Defendants shall not dispose of any electronic media storage devices replaced due to failure, upgrade, and/or lease expiration that may contain electronic data having any relation to this matter.

HUD-L-002847-22   08/26/2022 4:09:50 PM   Pg 1 of 1   Trans ID: LCV20223099022

# Civil Case Information Statement

**Case Details: HUDSON | Civil Part Docket# L-002847-22**

| | |
|---|---|
| **Case Caption:** STABILE CURTIS  VS MACY'S INC. | **Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES |
| **Case Initiation Date:** 08/26/2022 | **Document Type:** Complaint with Jury Demand |
| **Attorney Name:** LESLIE A FARBER | **Jury Demand:** YES - 6 JURORS |
| **Firm Name:** LESLIE A. FARBER, LLC | **Is this a professional malpractice case?**  NO |
| **Address:** 8 HILLSIDE AVE STE 103 | **Related cases pending:** NO |
| MONTCLAIR NJ 07042 | **If yes, list docket numbers:** |
| **Phone:** 9737073322 | **Do you anticipate adding any parties (arising out of same |
| **Name of Party:** PLAINTIFF : Stabile, Curtis | transaction or occurrence)?** NO |
| **Name of Defendant's Primary Insurance Company** | **Does this case involve claims related to COVID-19?** NO |
| (if known): Unknown | |
| | **Are sexual abuse claims alleged by:** Curtis Stabile? NO |

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
     **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
     **If yes, for what language:**

**Please check off each applicable category:** Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

| | |
|---|---|
| <u>08/26/2022</u> | <u>/s/ LESLIE A FARBER</u> |
| Dated | Signed |

HUD-L-002847-22  08/27/2022 5:14:38 AM  Pg 1 of 1  Trans ID: LCV20223103437

HUDSON COUNTY SUPERIOR COURT
HUDSON COUNTY
583 NEWARK AVENUE
JERSEY CITY       NJ 07306
                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (201) 748-4400
COURT HOURS  8:30 AM - 4:30 PM

                         DATE:   AUGUST 26, 2022
                         RE:     STABILE CURTIS   VS MACY'S INC.
                         DOCKET: HUD L -002847 22

     THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON ANTHONY V. DELTA

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      001
AT:  (201) 748-4400.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                              ATT: LESLIE A. FARBER
                              LESLIE A. FARBER, LLC
                              8 HILLSIDE AVE
                              STE 103
                              MONTCLAIR       NJ 07042


ECOURTS